Jeremiah SHEPPARD, Petitioner–
Appellant,

v.

Ernest C. ROE, Warden; Attorney
General of the State of Califor-
nia, Respondents–Appellees.

No. 00–55261.
D.C. No. CV–98–09691–MMM.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN,
and GOULD Circuit Judges.

MEMORANDUM **

Jeremiah Sheppard, a California State prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for receiving stolen property. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

We review the district court's denial of a 28 U.S.C. § 2254 habeas petition de novo. See *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000). Sheppard bears the burden of showing that the state court adjudication of the merits of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000) (defining "unreasonable application" as involving situations where the state court has committed clear error).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Petitioner's request for appointment of counsel for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Sheppard contends that his right to due process was violated because he received an increased sentence based on a 1966 conviction for which no sentencing transcript exists. We disagree because clearly established federal law provides that a presumption of finality attaches to final judgments and accordingly, the mere unavailability of a transcript is insufficient to show that a defendant was denied constitutional rights. *Parke v. Raley,* 506 U.S. 20, 29–30, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992)(stating that *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) *does not prohibit a state court from presuming that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained).*

Moreover, because Sheppard's contention rests on the fact that the transcript of his plea hearing was destroyed five years after his 1966 conviction, bolstered by only his own declaration, he cannot, without more, show that his guilty plea was illegally obtained. *Id.* The district court, therefore, correctly concluded that the California court's decision, was not contrary to, nor an unreasonable application of federal law. *See Williams,* 120 S.Ct. at 1523.

AFFIRMED.